UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR.,<br><br>   Petitioner,<br><br> v.<br><br>Warden,<br><br>   Respondent. | Case No. CV 18-10350 RGK (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION;<br><br>REFERRING THE PETITION TO THE U.S. COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A);<br><br>DENYING A CERTIFICATE OF APPEALABILITY |

## I. PROCEEDINGS

Petitioner Curley John Broussard, Jr. ("Petitioner"), a state prisoner in the custody of the California Department of Corrections, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on December 13, 2018.

## II. PROCEDURAL HISTORY

On October 31, 1983, a Los Angeles County Superior Court convicted Petitioner of second degree murder, with a firearm enhancement. His conviction was affirmed by the California Court of Appeal on February 27, 1985. Petitioner sought review by the California Supreme Court by filing a petition with that court

on April 23, 1985.  It appears that review was denied, but given the age of the proceedings, the state court files no longer exist.

On December 1, 2008, Petitioner filed a section 2254 petition in this Court (Docket No. CV 08-7864 RGK (FFM) (the "First Petition")) challenging his 1983 conviction and sentence.  That petition was dismissed as untimely on December 7, 2009.  The Ninth Circuit subsequently denied Petitioner's request for a certificate of appealability and denied applications for leave to file a second or successive petition on January 7, 2010 and June 10, 2011.

Petitioner filed another petition (the "Second Petition") herein on November 21, 2011.  Grounds One, Four, Five and Six of the Second Petition challenged the same Los Angeles County conviction and sentence that was challenged in the First Petition.  Grounds Two and Three challenged a 2010 conviction sustained in Kings County Superior Court.  This Court severed Grounds Two and Three from the Petition and transferred such grounds to the Eastern District of California.  The Court dismissed the remaining grounds of the Second Petition without prejudice for lack of jurisdiction on July 23, 2012.

On December 13, 2018, Petitioner filed a third petition herein (the "Third Petition").  The allegations of the Third Petition are sparse, but it appears to be directed again at the same Los Angeles County conviction challenged in the first two petitions and the same Kings County Superior Court conviction challenged in the Second Petition.  By separate order, this Court has again severed the grounds of the Third Petition that are directed at the 2010 Kings County Superior Court conviction and transferred such grounds to the Eastern District of California.  Thus, the only grounds remaining in the Third Petition challenge the same conviction and sentence that was unsuccessfully challenged in the First Petition and the Second Petition.

/ / /

/ / /

## II. DISCUSSION

The Third Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner's First Petition was denied on the ground that it was barred by the one-year period of limitation. A dismissal based on the statute of limitations is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the Act. *Reyes v. Vaughn*, 267 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed.R.Civ.P. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87-88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir.1981) ("A judgment based on the statute of limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972)).

Therefore, because the Third Petition challenges the same conviction and sentence as Petitioner's prior habeas petitions in Case Nos. CV 08-7864 RGK (FFM) and CV 11-9647 RGK (FFM), it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner seeks to pursue the same claims he previously asserted, the Third Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Third Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

/ / /

/ / /

/ / /

**III. "REFERRAL" OF HABEAS CORPUS PETITION TO NINTH**

**CIRCUIT**

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the Petition must be referred to the court of appeals. However, it is unclear whether the district court may both "refer" the Petition to the Ninth Circuit and, at the same time, dismiss the Petition. After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate. *See Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

### IV. DENIAL OF CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

///

Here, given the Court's ruling on settled legal issues, the Court does not

require any arguments from the parties on whether a certificate of appealability ("COA") should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

529 U.S. at 485.

Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over the Petition.

///
///
///

**<u>ORDER</u>**

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition. The Clerk of Court shall send a copy of the habeas Petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court shall provide petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

This action is dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A certificate of appealability is denied.

DATED: January 10, 2019

_____
R. GARY KLAUSNER
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge